KAB

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven McCormick, et al., | No. CV 19-04425-PHX-DGC (MHB) |
| Plaintiffs, | |
| v. | **ORDER** |
| State of Arizona, et al., | |
| Defendants. | |

Plaintiff Steven McCormick, the father of Andrew McCormick, and Jody McCormick, on her own behalf and as personal representative of the Estate of Andrew McCormick, et al., filed this action in Maricopa County Superior Court. (Doc. 1-3.) Defendants removed the action. (Doc. 1.) Defendant State of Arizona moves to dismiss the wrongful death claim, and Plaintiffs oppose the Motion. (Docs. 25, 28.) The Court will deny the Motion to Dismiss.[1]

**I.     Background**

In their Amended Complaint, Plaintiffs allege as follows. Andrew McCormick died four days after being beaten by prisoners who entered his cell in the Morey Unit of the Arizona State Prison Complex (ASPC)-Lewis. (Doc. 22 at 2.) For at least four years prior

---

[1] Defendants filed another Motion to Dismiss (Doc. 13) before Plaintiffs filed their Amended Complaint. Because that motion seeks to dismiss claims in a complaint that is no longer operative, it will be denied as moot.

1 | to Andrew's death, the State of Arizona knew that the cell door locks on the Morey Unit were broken. (*Id.*)

Defendants are: the State of Arizona, Thomas Heathcock, a corrections officer assigned to the control room at the Morey Unit, and Eduardo Cardenas, a corrections officer assigned to the floor at the Morey Unit.

Plaintiffs allege that as early as 2006, Arizona Department of Corrections (ADC) officials knew prisoners could defeat cell door locks and open their cell doors at will. (Doc. 22 at 4.) In April 2017, a prisoner was murdered when other prisoners defeated their cell door locks and beat the prisoner to death in his cell. (*Id.* at 6.)

On June 6, 2018, Heathcock was in the control room assigned to monitor Andrew's pod and knew that at least two prisoners were out of their cells when they should not have been. (*Id.* at 11, 13.) Heathcock was aware that many of the cell doors were broken and prisoners could leave their cells at will. (*Id.* at 11.) Cardenas was assigned to be the sole floor officer circulating through four pods in Andrew's building. (*Id.*) That evening, Morey Unit was short staffed and there was no floor officer dedicated to pod B, where Andrew was housed. (*Id.* at 12.) Cardenas knew that remaining in motion and conducting security checks was required by ADC policy and that it was the only way to ensure that prisoners remained in their cells, but Cardenas sat in the inmate movement office to review his own personnel file and paycheck on the computer. (*Id.* at 12.) While Heathcock was on a phone call and Cardenas was in the office, prisoners opened their own cell doors and entered Andrew's cell and took turns beating and stomping him, leading to his death. (*Id.* at 11-12.)

In Count One, Plaintiffs allege a Wrongful Death claim against the State of Arizona. (*Id.*) In Count Two, Plaintiffs allege an Eighth Amendment claim against Heathcock and Cardenas. (*Id.* at 15.)

## II.     Motion to Dismiss

Defendant State of Arizona argues that Plaintiffs' wrongful death claim fails because the Notice of Claim that was served on the state was not "factually sufficient" and

was not timely amended as required by *Haab v. County of Maricopa*, 191 P. 3d 1025 (Ariz. Ct. App. 2008). The State of Arizona argues that Plaintiff's notice was factually deficient because it did not mention Heathcock or Cardenas by name or position and provides no facts suggesting Plaintiffs would allege that the individual officers on duty at the time of Andrew's death were grossly negligent.

### A. Arizona's Notice of Claim Statute

Persons who have claims against "a public entity or public employee" shall file claims within 180 days after the action accrues. Ariz. Rev. Stat. § 12-821.01(A). "The statute permits an action against a public entity to proceed only if a claimant files a notice of claim that includes (1) facts sufficient to permit the public entity to understand the basis upon which liability is claimed, (2) a specific amount for which the claim can be settled, and (3) the facts supporting the amount claimed. *Backus v. State*, 203 P.3d 499, 502 (Ariz. 2009) (en banc). "The purpose of the notice of claim statute is to allow the public entity to investigate and assess liability, to permit the possibility of settlement prior to litigation, and to assist the public entity in financial planning and budgeting." *Haab*, 191 P. 3d at 1028.

### B. Plaintiffs' Notice of Claim

Plaintiffs' Notice of Claim is dated October 5, 2018 and includes the following facts. "On or around June 6, 2018, Andrew Stephen McCormick was injured while in the custody of [the ADC] at Lewis Complex [and] died seven days later." (Doc. 28-1 at 1.) Andrew's medical records from the Abrazo West Campus Trauma Center on June 6, 2018 indicated that there was suspicion of assault. (*Id.*) "ADC conducted an investigation into the cause of Mr. McCormick's death. To date, despite repeated requests, ADC has refused to release the results of the investigation or any information that would indicate the cause of Mr. McCormick's injuries. Our preliminary investigation suggests that ADC failed to protect Mr. McCormick from an assault by other inmates." (*Id.* at 2.) "Stephen P. McCormick and JoEllen McCormick intend to pursue damages for wrongful death of their son." (*Id.*)

///

///

**C. Discussion**

Defendant argues that the Notice of Claim did not contain "facts sufficient to permit the public entity to understand the basis upon which liability is claimed." This contention is entirely without merit and unsupported by the record. The Notice of Claim provided Andrew's full name, the prison facility in which he was housed, the date on which he sustained his injuries, the hospital that he was sent to, the hospital's conclusion that there was a suspected assault, the supposition that the ADC failed to protect Andrew from an assault by other inmates, and the fact that Plaintiffs intended to sue for wrongful death. This information was more than enough for Defendant to "understand the basis upon which liability is claimed" and satisfies the policy concerns behind the Notice of Claim Statute. Further, it is disingenuous for Defendant to argue that Plaintiff would have to include facts that were solely in Defendant's possession and which Defendant apparently refused to disclose.[2]

In analyzing the portion of the Notice of Claim statute that requires a Plaintiff to include facts supporting the amount claimed, the Arizona Supreme Court has noted that "[t]he combination of the relatively short time within which a claimant must file a notice of claim and bring a civil action, coupled with a claimant's lack of knowledge about what facts a public entity will regard as sufficient in a particular case, results in the distinct possibility that a claimant will lose the right to bring an action against a public entity, even when his claim is justified. . . . Because the legislature intended that liability of public entities be the rule and immunity the exception, it could not have intended to erect this significant and unpredictable obstacle to claimants' actions against public entities."

---

[2] The *Haab* case, which Defendant cites to support its position, is inapposite. *Haab* held that if a party intends to bring additional claims about actions that occurred after the initial incident, based on a different set of facts, the plaintiff must amend the Notice of Claim to include facts supporting the new claims. 191 P.3d 1028-31. Here, Plaintiffs' notice included facts regarding the incident that is now the subject of their wrongful death claim. The mere fact that Plaintiffs subsequently discovered additional facts relating to the same incident did not give rise to a duty to amend their Notice of Claim, and, contrary to Defendant's argument, *Haab* did not make any such holding.

*Backus*, 203 P.3d at 504. The Court held that a claimant need not "provide an exhaustive list of facts; as long as a claimant provides facts to support the amount claimed, he has complied with the supporting-facts requirement of the statute." *Id.* at 505. The Court went on to note that "a public entity can request more facts if needed to evaluate a claim." *Id.* at 505. Although the Arizona Supreme Court was addressing the facts necessary to support the amount claimed, all of the reasoning in the opinion applies equally to the portion of the statute that requires disclosure of facts sufficient to permit the public entity to understand the basis upon which liability is claimed.

It follows, then, that as long as the "facts are sufficient to permit the public entity to understand the basis upon which liability is claimed," a Plaintiff satisfies the Notice of Claim statute. There is no portion of the Notice of Claim statute or controlling case law that requires Plaintiffs to list the name of all officers involved in a particular incident, and the Court will not read additional requirements into the statute. As discussed above, the Notice of Claim was specific about the basis upon which liability was claimed, the remaining facts surrounding the incident were in Defendant's possession, and, as the *Backus* Court pointed out, if Defendant needed more facts to evaluate the claim it could have requested such information.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants State of Arizona, Ryan, Larson, Ramos, and Holland's Motion to Dismiss Complaint (Doc. 13) and Defendant State of Arizona's Renewed Motion to Dismiss (Doc. 25).

(2) Defendants State of Arizona, Ryan, Larson, Ramos, and Holland's Motion to Dismiss Complaint (Doc. 13) is **denied as moot**.

(3) Defendant State of Arizona's Renewed Motion to Dismiss (Doc. 25) is **denied**.

Dated this 13th day of November, 2019.

David G. Campbell
Senior United States District Judge